United States Bankruptcy Court
Southern District of Texas
**ENTERED**
February 05, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

In re:  :  Chapter 11

BARRETTS MINERALS INC., *et al.*,[1]  :  Case No. 23-90794 (MI)

Debtors.  :  (Jointly Administered)

---

BARRETTS MINERALS INC., *et al.*,  :

Plaintiffs,  :  Adv. Pro. No. 23-03225

v.  :

THOSE PARTIES LISTED IN APPENDIX A TO COMPLAINT and JOHN AND JANE DOES 1-1000,  :

Defendants.  :

---

# ORDER (I) DECLARING THAT THE AUTOMATIC STAY PROHIBITS CERTAIN ACTIONS OR, IN THE ALTERNATIVE, (II) PRELIMINARILY ENJOINING SUCH ACTIONS PURSUANT TO 11 U.S.C. § 105

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Barretts Minerals Inc. (8715) and Barretts Ventures Texas LLC (0787). The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

Error! Unknown document property name.

Upon the *Emergency Motion for (I) an Order (A) Declaring that the Automatic Stay Prohibits Certain Actions Against Non-Debtors or, in the Alternative, (B) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105, and (II) a Temporary Restraining Order Enjoining Certain Actions Against Non-Debtors* (the "**Motion**") of the Debtors in the above-captioned chapter 11 cases (these "**Chapter 11 Cases**"), Barretts Ventures Texas LLC ("**BVT**") and Barretts Minerals Inc. ("**BMI**," and together with BVT, the "**Debtors**"), for entry of an order (this "**Order**") (a) declaring that the automatic stay under section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") applies and extends to prohibit (i) the continued prosecution of the actions identified in Appendix A to this Order (the "**Talc Actions**"), (ii) the filing of any actions during the pendency of these Chapter 11 Cases that in any way relate to or arise out of the talc mined, beneficiated, processed, or sold by BMI as against Minerals Technologies Inc. ("**MTI**"), Specialty Minerals Inc. ("**SMI**"), and any other non-debtor subsidiaries of MTI (the "**MTI Affiliates**" and, together with MTI and SMI, the "**BMI Affiliates**") (together with the Talc Actions, the "**Covered Actions**"), and (iii) the expansion of any currently-pending Covered Actions to name as a party any BMI Affiliates, or, in the alternative, (b) preliminarily enjoining the continued prosecution of, expansion of, and filing of any additional, Covered Actions pursuant to section 105 of the Bankruptcy Code during the pendency of these Chapter 11 Cases, and (c) granting related relief; as more fully set forth in the Motion; and supported by the *Amended Declaration of David J. Gordon in Support of Debtors' Emergency Motion for (I) an Order (A) Declaring that the Automatic Stay Prohibits Certain Actions Against Non-Debtors or, in the Alternative, (B) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105, and (II) a Temporary Restraining Order Enjoining Certain Actions Against the Non-Debtors* (the "**Gordon Declaration**") and the *Declaration of D.J. Monagle in Support of Debtors' Emergency Motion for*

*(I) an Order (A) Declaring that the Automatic Stay Prohibits Certain Actions Against Non-Debtors or, in the Alternative, (B) Preliminarily Enjoining Such Actions Pursuant to 11 U.S.C. § 105, and (II) a Temporary Restraining Order Enjoining Certain Actions Against the Non-Debtors* (the "**Monagle Declaration**"); and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §1409; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and that no other or further notice is necessary; and objections to the Motion having been considered by the Court; and this Court having reviewed the Motion and having heard arguments and evidence in connection with the relief requested therein at the December 8, 2023 hearing before this Court (the "**Hearing**"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and this Court having found that the relief granted as set forth on the record at the Hearing is in the best interests of the Debtors' estates, creditors, and other parties in interest, necessary, and appropriate; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, for the reasons set forth on the record at the Hearing, it is HEREBY ORDERED THAT:

1. Any Talc Action in which BMI is named as a defendant is subject to the automatic stay under section 362(a) of the Bankruptcy Code, *provided however*, that Talc Actions shall not be stayed as to any defendants named in the Talc Action other than BMI and BMI Affiliates.

2. Any Talc Action in which a BMI Affiliate is named as a defendant is stayed as against such BMI Affiliate(s) through and until April 1, 2024, subject to extension by agreement or court order; *provided however* that pursuit, adjudication, and/or settlement of claims against MTI and SMI seeking recovery from MTI and/or SMI solely on account of such entity's purported actions in connection with any alleged inadequacy of testing of talc mined, beneficiated, and/or sold by BMI (a "**Testing Claim**") is not be stayed at this time.

3. Pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, the continued prosecution (including, for the avoidance of doubt, as it relates to any discovery or other pretrial motion practice or proceedings) of, the naming of any BMI Affiliate in, and the filing of any additional, Covered Actions against the BMI Affiliates is enjoined through and until April 1, 2024, subject to extension by agreement or court order, *provided however* that Testing Claims shall not be enjoined at this time.

4. The Court will hold a status conference in the matter on March 4, 2024, at 10:30 a.m. CT.

5. The Court will hold a further status conference in the matter on April 1, 2024, at 10:30 a.m. CT, at which time the Court will determine whether to extend or modify the relief granted pursuant to this Order.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: February 05, 2024

_____
Marvin Isgur
United States Bankruptcy Judge